UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GARRY EARL SHIDLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO.  3:05-CV-804 RM |
| v. | ) | |
| | ) | |
| ROBERT MOORE, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter is before the court *sua sponte* to reconsider its summary judgment ruling that permitted Garry Earl Shidler leave to proceed with claims for putative damages. When the court issued its summary judgment order, there was no binding authority in this circuit prohibiting punitive damages in a RLUIPA case without physical injury. That changed on April 24, 2008 when the Seventh Circuit handed down Koger v. Bryan.

> [B]ecause he was in prison when the case arose, he must proceed under the Prisoner Litigation Reform Act, which takes compensatory and punitive damages off the table as he suffered no "physical injury" but only, at best, a "mental or emotional injury." And that limits his recovery to nominal damages.

Koger v. Bryan, No. 05-1904, slip op. at 39, ___ F.3d ___, ___, 2008 WL 1821311, 2008 U.S. App. LEXIS 8825 (7th Cir. Apr. 24, 2008) (Evans, J., concurring). So too in this case.

Mr. Shidler has presented no evidence of a physical injury, so his claims are limited to nominal damages. "[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury." Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999). As a result of the ruling in Koger, this

case is now proceeding to a jury trial on a claim that could, at most, result in a verdict for one dollar and costs. In <u>Koger</u>, Judge Evans asked if this was a "[a] waste of time?" <u>Koger</u>, slip at 40. Then he answered the question by saying, "Some may disagree, but I lean towards saying 'yes.'" <u>Id.</u> So in this case, the court urges the parties to seriously consider settlement options prior to the final pretrial conference.

For the foregoing reasons, the court:

(1) RECONSIDERS its summary judgment ruling (docket # 122);

(2) VACATES that portion of the summary judgment order which permitted Garry Earl Shidler to proceed with claims for putative damages;

(3) GRANTS Garry Earl Shidler leave to proceed against:

Salley Stevenson in her individual capacity for declaratory relief and nominal damages for a violation of RLUIPA (42 U.S.C. § 2000cc-1) for denying him prayer oil when she prohibited all oil at the prison, but not for denying him the ability to purchase non-allergenic prayer oil after oils were again permitted; and

Chaplin Babb and Chaplin Leslie in their individual capacities for nominal damages for violations of RLUIPA (42 U.S.C. § 2000cc-1) for denying him communal worship while he was housed in the "P" Housing Unit from July 21, 2004 to August 6, 2004; in the "L" Housing Unit from August 6, 2004 to September 6, 2004; in the "N" Housing Unit from September 6, 2004 to November 3, 2004; and in the "E" Housing Unit from November 3, 2004 to about December 9, 2004;

and;

(4) ENCOURAGES the parties to seriously consider settlement options before the final pretrial conference.

SO ORDERED.

ENTERED: April 28, 2008.

                                           /s/ Robert L. Miller, Jr.
                                   Chief Judge
                                   United States District Court